■ In the Matter of the Claim of SYDNEY BLOOMBERG, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 30, 1980, which affirmed a referee's decision partially sustaining an initial determination of the Industrial Commissioner and disqualifying claimant from receiving benefits effective November 26, 1979 because he was unavailable for employment. Claimant was a clothing salesman who lost his job in October, 1979 under nondisqualifying reasons. The board accepted the finding of the referee who concluded that claimant made numerous searches for work in New York State until his departure for Florida on December 6, 1979 to look for work opportunities there. Claimant testified that the placement office of the Unemployment Bureau had told him that there would be no jobs available in New York State until the following March because of a slowdown in the season. This prompted his move to Florida. After arriving in Florida, claimant's car was in disrepair and his job contacts consisted mainly of answering ads and phone work efforts. The referee found that claimant was ineligible for benefits from November 26 to January 6, 1980 because he was not available for work, but that, since January 7, his job search efforts were satisfactory. The finding of ineligibility from November 26 to December 6 is inconsistent with the conclusion of the referee, adopted by the board, that claimant made numerous searches for work while in New York State. The decision should, therefore, be further modified to be effective from December 7, 1979 to January 6, 1980. Decision modified, by reversing so much thereof as found claimant disqualified from receiving benefits for the period November 26, 1979 to December 6, 1979, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Mikoll, Casey and Herlihy, JJ., concur.

■ In the Matter of the Claim of DEBRA LOLL, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent. — Appeal from so much of a decision of the Unemployment Insurance Appeal Board, filed June 26, 1979, as affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner charging claimant with an overpayment of $564 in benefits ruled to be recoverable and holding that claimant willfully made false statements to obtain benefits by reason of which a forfeiture of 96 effective days was imposed as a penalty in reduction of her future benefit rights. The place of the alleged employment was a family-owned drug store and the claimant admittedly worked on and off and did not reveal this information to the unemployment office. As the result of a conversation with a claim examiner on July 8, 1979, she was advised that the work she was doing might not comply with the unemployment insurance rules and she thereafter stated she did no work at the drug store, although there is evidence that she was seen on August 8 behind the counter. The board found that she was unavailable for employment during this period of time; that she had received benefits in the amount of $564 and her rights to future benefits were reduced by 96 effective days. The record is convincing that the claimant did make false statements and the amount set forth above is recoverable. However, we do not find these statements to be willfull misrepresentations which require a forfeiture of 96 days, as found by the board. Decision modified, by reversing so much thereof as sustained the initial determination imposing a forfeiture of 96 effective days, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Mikoll, Casey and Herlihy, JJ., concur.